**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    NEWARK VICINAGE
```

Edward Bryant,                  :
                                :     Civil Action No. 14-6097(SRC)
            Petitioner,         :
                                :
      v.                        :     **OPINION**
                                :
Stephen D'Ilio,                 :
                                :
            Respondent.         :

**CHESLER**, District Judge.

This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1); and Respondent's Answer (ECF No. 4.) For the reasons discussed below, the Court will deny the petition.

I.   BACKGROUND

Petitioner was indicted in Hudson County Superior Court, New Jersey on May 9, 2001, and charged with murder, felony murder, armed robbery, burglary, two counts of possession of a weapon for an unlawful purpose, two counts of unlawful possession of a weapon, aggravated assault, and terroristic threats. (Indictment, ECF No. 4-2.) Petitioner was convicted, after a jury trial, of all counts except aggravated assault and terroristic threats. (Judgment of Conviction, ECF No. 4-3.) He was found guilty of the lesser included offense of fighting, and the terroristic threat charge

was dismissed. (Id.)

Petitioner was sentenced on October 1, 2004; and after merging several counts, he was sentenced to fifty years for murder, fifteen years for armed robbery, four years for burglary, and thirty days for fighting, with all sentences imposed concurrently. (Judgment of Conviction, ECF No. 4-3.) The Public Defender filed a Notice of Appeal on Petitioner's behalf on December 6, 2004. (Notice of Appeal, ECF No. 4-4.) On July 30, 2007, the New Jersey Superior Court Appellate Division affirmed the conviction but remanded on sentencing for the murder charge. State v. Bryant, 2007 WL 2162361 (N.J. Super. Ct. App. Div. July 30, 2007). The Hudson County Superior Court resentenced on August 28, 2007. (Amended Judgment of Conviction, ECF No. 4-6.)

Petitioner filed a pro se petition for post-conviction relief on December 2, 2010. (Pro Se Petition for Post-Conviction Relief, ECF No. 4-7.) The PCR Court denied relief on January 12, 2012 (PCR Opinion, ECF No. 4-8), and the Appellate Division affirmed on January 13, 2014. (State v. Bryant, Doc. No. A-5427-11T3, ECF No. 4-10.) Petitioner filed a Notice of Petition for Certification in the New Jersey Supreme Court (ECF No. 4-11), and the petition was denied on July 14, 2014. (Order on Petition for Certification, ECF No. 4-12.) Petitioner filed the present petition for habeas corpus relief on September 30, 2014. (ECF No. 1.)

2

II.  DISCUSSION

Petitioner admitted that his habeas petition was filed beyond the one-year statute of limitations under 28 U.S.C. § 2244(d). (Pet., ¶18, ECF No. 1 at 16-17.) Petitioner, however, argues that the statute of limitations should be equitably tolled because he asked the Public Defender to file a petition for certification with the New Jersey Supreme Court after the Appellate Division affirmed his conviction on July 30, 2007.

Petitioner contends he filed his petition for post-conviction relief out of caution on December 2, 2010, although he was still waiting for certification in the New Jersey Supreme Court. (Id.) Petitioner asserts his failure to timely file the present petition is the fault of his public defender, whom he relied upon to timely file a petition for certification in the New Jersey Supreme Court. (Id.)

Respondent contends Petitioner's conviction became final, and the one-year habeas statute of limitations began to run, 90 days after entry of the Appellate Division's opinion on direct appeal. (Answer, ECF No. 4 at 13.) The present petition was filed more than seven years later. (Id.) Respondent did not address Petitioner's equitable tolling argument.

There is a one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The

3

limitations period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The statute of limitations period is tolled during the time in which a properly filed application for post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). This tolling provision does not reset the date from which the one-year limitations period begins to run. See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2000) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d. Cir. 2000)).

Petitioner's conviction was affirmed by the New Jersey Superior Court Appellate Division on July 30, 2007, but the case was remanded for resentencing. Petitioner did not appeal the new

4

sentence imposed on August 28, 2007, and the time to do so expired 45 days later, October 12, 2007. See NJSA 2:4:1 ("Appeals from final judgments of courts . . . shall be taken within 45 days of their entry.")

Petitioner had 20 days after the Appellate Division's affirmance of his conviction, August 19, 2007, in which to file a notice of petition for certification in the New Jersey Supreme Court. N.J. R. A. R. 2:12-3. Although Petitioner asserts that he told his public defender to file such a petition, there is no evidence that this was done. Petitioner's direct appeal became final, at the latest, on October 12, 2007, and the habeas statute of limitations expired one year later. Petitioner's PCR proceedings, begun in 2010, were filed too late to toll the habeas statute of limitations.

Petitioner contends that the limitations period should be equitably tolled because he told his public defender to file a notice of petition in the New Jersey Supreme Court. The habeas statute of limitations, 28 U.S.C. § 2244(d), is subject to equitable tolling under appropriate circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is only entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Id. at

5

649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted in original)).

Petitioner was not reasonably diligent in pursuing his habeas petition because he did nothing for three years to determine whether his petition for certification was pending before the New Jersey Supreme Court. Equitable tolling is not warranted, based on attorney malfeasance in filing a petition, if the petitioner was not diligent in attempting to ascertain whether the petition was timely filed before it was too late. See LaCava v. Kyler, 398 F.3d 271, 278 (3d Cir. 2005) (discussing Schlueter v. Varner, 384 F.3d 69, 64 (3d Cir. 2004) (denying equitable tolling argument where petitioner was not diligent in following the progress of his appeals in state court). Thus, the Court finds that the present habeas petition is barred by the statute of limitations.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny the habeas petition with prejudice.

DATED: _____, 2016

STANLEY R. CHESLER
United States District Judge

6